IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01569-BNB

TROY LAMONTE FIELDS,

    Applicant,

v.

DAVID JOHNSON, Warden of Denver Reception Diagnostic Center,

    Respondent.

## ORDER DIRECTING RESPONDENT TO FILE PRE-ANSWER RESPONSE

    Applicant, Troy Lamonte Fields, is a prisoner in the custody of the Colorado Department of Corrections currently detained at the Denver Reception and Diagnostic Center in Denver, Colorado. Mr. Fields, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    Despite how he characterizes the instant habeas corpus action, Mr. Fields is not attacking the execution of his sentence but rather the validity of his conviction and sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while 28 U.S.C.] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence."). Mr. Fields is challenging his conviction and sentence by alleging that the state district court violated his constitutional rights by correcting an illegal sentence without giving him or his counsel notice of the resentencing. He also argues that the state district court failed to issue an amended

mittimus after resentencing.  Because Mr. Fields is challenging the validity of his resentencing, the Court will treat the habeas corpus application as asserted pursuant to § 2254.

As part of the preliminary consideration of the Application filed on June 30, 2014, in this action and pursuant to *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court has determined that a limited Pre-Answer Response is appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  If Respondents do not intend to raise either of these affirmative defenses, Respondents must notify the Court of that decision in the Pre-Answer Response.  Respondents may not file a dispositive motion as the Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies.  Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.  Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, Respondents must notify the Court of that decision in the Pre-Answer Response.

DATED July 17, 2014, at Denver, Colorado.

                                          BY THE COURT:

                                          s/Boyd N. Boland
                                          United States Magistrate Judge