IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01569-BNB

TROY LAMONTE FIELDS,

     Applicant,

v.

DAVID JOHNSON, Warden of Denver Reception Diagnostic Center,

     Respondent.

---

## ORDER OF DISMISSAL

---

     Applicant, Troy Lamonte Fields, is a prisoner in the custody of the Colorado Department of Corrections incarcerated at the Denver Reception and Diagnostic Center.  Mr. Fields has filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5) asserting that he is being detained unlawfully because the state district court corrected his illegal sentence without giving him or his counsel notice of the "resentencing" and failed to issue a new paper mittimus after the new sentence was imposed.  On July 17, 2014, Magistrate Judge Boyd N. Boland entered an order directing Respondent to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondent intends to raise either or both of those defenses in this action.  In the July 17 Order, Magistrate Judge Boland also found that it appeared that Mr. Fields was challenging the validity of his sentence for his conviction in Denver County District Court case number 94CR940 and construed the Application as asserted pursuant to 28 U.S.C. § 2254.

On August 1, 2014, Applicant submitted a motion (ECF No. 15) stating that he is challenging Respondent's legal authority to detain him under a void sentence and illegal mittimus pursuant to 28 U.S.C. § 2241.  On September 4, 2014, Respondent filed a Pre-Answer Response (ECF No. 18) arguing that the action should be dismissed for failure to exhaust state remedies.  Respondent contends that Mr. Fields has not presented his claims to the Colorado state courts in a petition for writ of habeas corpus or in any other state court proceeding.  Respondent further contends that the claims are procedurally defaulted.  Despite being given the opportunity to file a reply, Mr. Fields did not do so.

The Court must construe the Amended Application and other papers filed by Mr. Fields liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

In 1995, Mr. Fields was convicted of second degree burglary, theft, aggravated motor vehicle theft, and vehicular eluding.  (ECF No. 18-1 at 23.)  He was found to be a habitual criminal and sentenced to an aggregate prison term of sixty years.  (*Id.* at 23-24.)  The Colorado Court of Appeals affirmed, and on September 2, 1997, the Colorado Supreme Court denied certiorari.  (*Id.* at 17; ECF No. 18-2.)

Starting in December 1997, Mr. Fields filed numerous motions for postconviction relief in the Colorado state courts.  (*See* ECF No. 18-1 at 9-17.)  All of the motions have been denied.  (*Id.*)  On September 12, 2013, Mr. Fields filed a letter asking the state district court to correct his sentence.  (*Id.* at 9.)  On December 11, 2013, the court

2

issued an order correcting Mr. Field's sentence but reimposing the same aggregate sixty-year sentence. (*Id.*)  On February 18, 2014, the state court amended the mittimus "to reflect a total of 60 years DOC." (*Id.* at 8.)  Mr. Fields then filed on March 3, 2014, March 27, 2014, and May 5, 2014, three motions for postconviction relief challenging his sentence. (ECF No. 18-1 at 7.)  All motions have been denied, and Mr. Fields has not appealed. (*Id.*)

On June 3, 2014, Mr. Fields initiated the instant action.  On June 30, 2104, he filed an Amended Application challenging his "new" sentence imposed on December 11, 2013.  Specifically, Mr. Fields asserts that the Colorado Department of Corrections lacks jurisdiction to detain him because the state district court failed to issue a new paper mittimus after his sentence was corrected.

It is not clear to the Court whether Mr. Fields is challenging the validity of his corrected sentence or the execution of his sentence.  Regardless of whether the claims are asserted pursuant to § 2241 or § 2254, Mr. Fields must exhaust state court remedies before he may pursue those claims in a habeas corpus action in this Court. *See Montez v. McKinna*, 208 F.3d 862, 865-66 (10th Cir. 2000).  The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  A blanket statement that state remedies have been exhausted does not satisfy this burden.  *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Fields concedes that he has not presented his claims in state court.  (*See* ECF No. 5 at 5-6.)  Moreover, Mr. Fields has filed three motions for postconviction relief in the state court relevant to the December 11, 2013 correction of his sentence, and none have raised the claims in question in the instant action.  Moreover, there is no indication that any of Mr. Fields habeas claims have been raised in the Colorado appellate courts, and his time to file an appeal has expired.

4

Mr. Fields has failed to satisfy his burden of demonstrating that he has exhausted state remedies.  He fails to demonstrate that he has fairly presented his claims to the Colorado state courts.  Furthermore, the documentation provided by Respondent with the Pre-Answer Response indicates that Mr. Fields has not fairly presented any of his claims in this action to the Colorado state courts.

Although Mr. Fields failed to exhaust state court remedies for his claims, the Court may not dismiss the claims for failure to exhaust state remedies if he no longer has an adequate and effective state remedy available to him. *See Castille,* 489 U.S. at 351.  No further state court remedy exists because any future claim would be denied as successive under Colo. R.Crim. P. 35(c)(3) because it could have been presented in an appeal or postconviction proceeding previously brought.  *See* Colo. R.Crim. P. 35(c)(3)(VII).  Therefore, the Court finds that the claims are procedurally defaulted.

Mr. Fields fails to demonstrate either cause or prejudice for his procedural default.  He also fails to demonstrate that a failure to consider his claims will result in a fundamental miscarriage of justice because he fails to present any new reliable evidence that demonstrates he is actually innocent.  As a result, the unexhausted claims will be dismissed as procedurally barred.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the amended habeas corpus application (ECF No. 5) is denied and the action is dismissed because the claims are procedurally barred .  It is

FURTHER ORDERED that "Applicant's Motion of 'Confirmation' to Exercise his Rights in Challenging the Respondent's Legal Authority and Jurisdiction to Restrain the Applicant Under a Void Sentence, Pursuant to Habeas Corpus Pleadings 28 U.S.C. § 2241" (ECF No. 15) is denied.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __2nd__ day of ___October_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court